**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

PATRICK FARRELLY and SABERDEE JENSEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

UNITED PARCEL SERVICE, INC.,

Defendants.

Case No.:

**CLASS ACTION COMPLAINT FOR DAMAGES FOR:**

**1. Failure to Compensate for Noncompliant Meal and Rest Periods (RCW 49.12; WAC 296-126-092)**
**2. Failure to Pay Minimum Wages (RCW 49.46, *et seq.*)**
**3. Failure to Pay Overtime Wages (RCW 49.46.130)**

**DEMAND FOR JURY TRIAL**



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Plaintiff, Patrick Farrelly ("Plaintiff Farrelly"), and Plaintiff, Saberdee Jensen ("Plaintiff Jensen"), collectively "Plaintiffs," by and through the undersigned attorneys, individually and on behalf of all others similarly situated, allege as follows:

**NATURE OF THE ACTION**

1. This is a proposed wage-and-hour class action brought under the Washington Industrial Welfare Act ("IWA") and the Washington Minimum Wage Act ("MWA") seeking injunctive relief and damages for Defendants' failure to provide and pay for legally required meal and rest breaks; failure to pay all owed minimum wages and failure to pay all owed overtime wages.

**JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT & VENUE**

2. This Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), codified as 28 U.S.C. § 1332(d). CAFA provides federal district courts with original jurisdiction to hear putative class actions if (i) the parties are minimally diverse, (ii) the putative class has more than 100 individuals, and (iii) the amount in controversy exceeds $5,000,000 in the aggregate for all putative class members. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1332(d)(6).

**A. There Is Minimal Diversity Under CAFA.**

3. CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one class member must be a citizen of a state different from any named defendant. See 28 U.S.C. § 1332(d)(2)(A); see also *United Steel, Paper & Forestry, Rubber, Mfg., Energy*, *Allied Indus. & Serv. Workers Int'l Union*, *AFL-CIO, CLC v. Shell Oil Co*., 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that CAFA broadens diversity jurisdiction for class actions by requiring only minimal diversity).

4. Here, there is minimal diversity between the parties because Defendant, United Parcel Service, Inc., ("Defendants or "UPS") is a citizen of Ohio and Georgia, and Plaintiffs are citizens of the State of Washington.

5. UPS is a Citizen of Ohio and Georgia: Under CAFA, a corporation is a citizen in



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

the states of its incorporation and principal place of business. Id. § 1332(c)(1). An entity's "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010); see also *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990) (holding that the "nerve center" is where "its executive and administrative functions are performed").

6. UPS is a citizen of the State of Ohio and the State of Georgia because it is a corporation formed under the laws of Ohio and its principal place of business is in Georgia. Defendant is now and has been, a corporation incorporated in and organized under the laws of Ohio. Defendants' headquarters-where its high-level officers direct, control, and coordinate the corporation's activities-is located in Atlanta, Georgia. Accordingly, for purposes of CAFA, Defendant is a citizen of Ohio and Georgia.

7. Plaintiffs are Citizens of Washington: Plaintiffs, and each of them, are citizens of the State of Washington. For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must ... be domiciled in the state").

8. Here, Plaintiff Farrelly and Plaintiff Jensen are both citizens of the State of Washington because each is and was domiciled during their employment with Defendants in the State of Washington.

**B. There are More Than 100 Putative Class Members**

9. Plaintiffs seek to certify a class consisting of "[a]ll current and former non-exempt, hourly-paid employees who worked for any one or more of the Defendants at any location in Washington State at any time from three years prior to the filing of the Complaint through the date of the Court's order certifying the Class ("Class



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Period”), excluding any commercial truck driver employees subject to Federal Motor Carrier Safety Administration (FMCSA) regulations." There are over 100 Class Members.

**C. The Amount In Controversy Exceeds the Statutory Minimum.**

10. CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual putative class members are aggregated to determine if the amount in controversy surpasses the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). Plaintiffs allege that the aggregated claims of the individual putative class members surpass the sum or value of $5,000,000.

11. Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants are subject to the Court's personal jurisdiction with respect to this action.

## THE PARTIES

12. Plaintiffs are, and at all relevant times, were individuals domiciled in the State of Washington and citizens of the State of Washington.

13. Plaintiff Farrelly worked for Defendants as a driver helper and/or a similar job title/position from approximately 2023 through January 2026. During those years, Plaintiff Farrelly worked on a seasonal basis from approximately October through January, most recently in or around January 2026.

14. Plaintiff Farrelly’s primary daily duties as a driver helper consisted of riding along as a passenger in Defendants’ delivery trucks and continuously physically loading, unloading, and handling packages that were being delivered to their final destinations. With the exception of physically operating the vehicle, Plaintiff Farrelly performed the identical physical labor of moving and delivering goods, packages, and freight traveling in interstate commerce as Defendants’ package delivery drivers.

15. Plaintiff Jensen worked for Defendants as a pre-loader, package handler and/or a



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

similar job title/position from approximately October 2023 through January 2024.

16. Plaintiff Jensen's primary daily job duties consisted of actively and physically loading, unloading, sorting, and handling goods, packages, and freight. Plaintiff Jensen physically handled these items mid-journey as they traveled continuously in the stream of interstate commerce before being placed onto delivery vehicles for final distribution.

17. Defendant, United Parcel Service, Inc. ("Defendants"), is an Ohio corporation, headquartered in Atlanta, Georgia, authorized to and doing business in the State of Washington. Defendants own, operate, manage, and staff a massive global transportation and logistics network, employing numerous workers to provide commercial shipping, heavy air freight, and package delivery services. Through their logistics operations, Defendants transact business continuously and systematically within King County and throughout Washington State by actively employing workers and operating delivery routes, freight hubs, and distribution centers within this jurisdiction. This includes maintaining numerous registered physical operating locations within King County including but not limited to, in Tukwila, Redmond, and Seattle.

## CLASS ALLEGATIONS

18. Plaintiffs bring this action on behalf of Plaintiffs, and all others similarly situated as a proposed class action pursuant to CR 23. The Class that Plaintiffs seek to represent is defined as follows:

> **Class Members**: All current and former non-exempt, hourly-paid employees who worked for any one or more of the Defendants at any location in Washington State at any time from three years prior to the filing of the Complaint through the date of the Court's order certifying the Class ("Class Period"), excluding any commercial truck driver employees subject to Federal Motor Carrier Safety Administration (FMCSA) regulations.

19. Plaintiffs reserve the right to amend or modify the class description with greater specificity, by division into further subclasses, or by limitation to particular issues.

20. There are at least one hundred current and former hourly-paid employees of Defendants in the Class. Given Defendants' systematic failure to comply with Washington wage and hour laws and regulations regarding the payment of missed and/or interrupted rest periods and



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

late, missed, and/or interrupted first meal periods, and the underpayment of wages, the members of the Class are so numerous that joinder of all members is impractical.

21. Plaintiffs' claims are typical of the claims of the Class Members because (1) Plaintiffs are each a member of the putative class; (2) Plaintiffs' claims stem from the same practice or course of conduct that form the basis of the Class claims; (3) All of the Class claims are based on the same facts and legal theories; (4) The injuries that Plaintiffs suffered are similar to the injuries that other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

22. Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no conflict of interest with any Class Member. Plaintiffs have retained competent and experienced counsel in complex class action litigation. Plaintiffs' counsel has the expertise and financial resources to adequately represent the interests of the Class.

23. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiffs and Class Members are the following:

a. Whether Defendants violated WAC 296-126-092 by failing to provide statutory meal periods and rest periods, and failing to compensate Plaintiffs and Class Members for missed and/or otherwise noncompliant rest periods and late, missed, interrupted and/or otherwise noncompliant meal periods, as well as the lost opportunity to have the respite of a meal and/or rest period;

b. Whether Defendants have an official or unofficial policy, custom, pattern, and practice of understaffing their locations and permitting or requiring Plaintiffs and Class Members to work through meal and/or rest periods, have interrupted meal and/or rest periods, or have untimely meal and/or rest periods;



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

c. Whether Defendants maintained an adequate system for scheduling Plaintiffs' and Class Members' rest periods;

d. Whether Defendants maintained an adequate system for ensuring that Plaintiffs and Class Members could take timely meal and/or rest periods;

e. Whether Defendants maintained an adequate system to record missed, late, interrupted and/or otherwise noncompliant meal and/or rest periods;

f. Whether Defendants have insufficient record-keeping on a systemic level;

g. Whether Defendants' violations of wage and hour laws were willful and are, therefore, liable for double damages under RCW 49.52.050 and 49.52.070;

h. Whether Defendants violated RCW 49.46.130 by failing to pay Plaintiffs and Class Members for overtime wages due at the rate of 1.5 times their regular rate of pay for all hours worked over 40 hours per week, inclusive of hours worked when working through their meal and/or rest breaks and/or for the meal and/or rest periods that were not provided or interrupted;

i. Plaintiffs anticipate that Defendants' defenses will also raise common questions of law and fact; and

j. The nature and extent of class-wide damages and the measure of damages for the Class.

24. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

efficiently, and without duplication of effort, or expense that numerous individuals would otherwise entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.

25. Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

26. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## FACTUAL BACKGROUND

27. During the Class Period, Plaintiffs and each of the Class Members worked for Defendants in the State of Washington.

28. Defendants assigned Plaintiff Farrelly to work at one of Defendants' locations in Bellevue.

29. Defendants assigned Plaintiff Jensen to work at one of Defendants' locations in Tacoma.

30. Throughout Plaintiff Farrelly's employment, Plaintiff Farrelly typically worked shifts lasting at least approximately five to nine hours long.

31. Throughout Plaintiff Jensen's employment, Plaintiff Jensen typically worked shifts lasting at least approximately six hours long.

32. Plaintiff Farrelly regularly worked more than forty (40) hours in a workweek.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

33. Defendants compensated Plaintiffs with a base hourly rate for time counted by Defendants as hours worked. At all relevant times, Plaintiff Farrelly was compensated with a base hourly rate of approximately $21.00 per hour.

34. At all relevant times, Plaintiff Jensen was compensated with a base hourly rate of approximately $21.90 per hour.

**Meal and Rest Period Violations**

35. Washington law demands that employees be allowed a meal period of at least thirty minutes that starts no less than two hours nor more than five hours from the beginning of the shift and prohibits any employee from being required to work more than five consecutive hours without or between meal periods. Washington law also requires a 10-minute rest break every four hours. WAC 296-126-092(1)–(4).

36. Defendants regularly failed to provide compliant meal and rest periods for employees in Washington State. Hourly employees, including Plaintiffs, often worked through required breaks, were forced to take them late, or were not given them at all.

37. Class Members were sometimes forced to take a meal period after working more than five hours. For example, based on information and belief, Plaintiff Jensen was required to work more than five consecutive hours without receiving a timely thirty-minute meal period more than twice per week during including but not limited to, workweeks inclusive of the following dates: November 6, 2023; November 13, 2023; December 4, 2023; December 11, 2023; January 1, 2024; and January 8, 2024.

38. Based on information and belief, Class Members were also sometimes required to work during meal periods or take shortened meal periods due to the need to complete assigned job duties and/or because they were required to return to work by a particular time and had to end their meal period before 30 minutes elapsed. For example, based on information and belief, Plaintiff Jensen was required to take a meal period that was less than thirty minutes and/or was required to



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

complete work tasks during purported meal periods more than twice per week during including but not limited to, one or more of the workweeks inclusive of the following dates: November 6, 2023; November 13, 2023; December 4, 2023; December 11, 2023; January 1, 2024; and January 8, 2024.

39. Based on information and belief, Plaintiff Farrelly was on occasion required to work through an owed meal break and/or was otherwise denied a legally compliant meal break during one or more of the workweeks inclusive of the following dates: November 6, 2023; November 13, 2023; December 2, 2024; December 9, 2024; January 5, 2026; and/or January 12, 2026.

40. When Class Members worked three or more hours beyond their normal workday, they did not receive a second meal period.

41. Based on information and belief, Class Members sometimes were required to work more than five consecutive hours after returning from a first meal break without the provision of a second meal break, in violation of Washington law, including during one or more of the workweeks inclusive of the following dates: November 6, 2023; November 13, 2023; December 2, 2024; December 9, 2024; January 5, 2026; and/or January 12, 2026.

42. Defendants did not compensate Plaintiffs and Class Members with an additional thirty minutes of work time for each instance in which they were not provided required, timely 30-minute uninterrupted meal periods.

43. Based on information and belief, Class Members were also frequently denied required rest periods because they were required to work through part or all of their rest periods, take late rest periods or take rest periods that were shorter than ten minutes long. Based on information and belief, Class Members were regularly not provided with an off-duty rest period of at least ten (10) minutes for every four (4) hours worked or Class Members were required to work more than three (3) consecutive hours without a compliant rest break. For example, based on information and belief, Plaintiff Farrelly was denied at least several compliant rest periods during



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

including but not limited to, one or more of the workweeks inclusive of the following dates: November 6, 2023; November 13, 2023; December 2, 2024; December 9, 2024; January 5, 2026; and/or January 12, 2026. Based on information and belief, Plaintiff Jensen was similarly denied one or two compliant rest periods during one or more of the workweeks inclusive of the following dates: November 6, 2023; November 13, 2023; December 4, 2023; December 11, 2023; January 1, 2024; and/or January 8, 2024.

44. Defendants maintained no formal or reliable system for scheduling, tracking, or ensuring compliant rest periods.

45. Defendants failed to compensate Plaintiffs and other Class Members for each missed or otherwise legally noncompliant rest period.

46. Defendants had no policy or practice to accurately schedule meal or rest periods, to allow Plaintiffs and Class Members to record their missed or otherwise noncompliant meal and rest periods, or to compensate for missed rest and meal breaks.

47. Defendants' violations were willful and not a result of inadvertence or carelessness.

48. There was no bona fide dispute regarding the payment of wages.

**Failure to Pay Minimum and Overtime Wages**

49. Defendants engaged in a common course of failing to provide Plaintiffs and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break, resulting in the deprivation of wages owed, in violation of Washington law, including but not limited to, the MWA.

50. Based on information and belief, Defendants frequently required Class Members to complete work tasks prior to clocking in for the start of shifts, after clocking out for the end of shifts, during unpaid meal periods and/or otherwise outside of scheduled shift times, resulting in Defendants' failure to compensate them for all hours worked and the underpayment of wages owed.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

51. For example, based on information and belief, Defendants' supervisors regularly edited, altered, or manipulated employee time records after submission, resulting in the failure to compensate Class Members for all hours actually worked. For instance, based on information and belief, during Plaintiff Jensen's employment at Defendants' Port of Tacoma facility, management regularly altered time cards after employees submitted them, resulting in the recording of fewer hours than were actually worked and the underpayment of wages owed for those hours. Based on information and belief, Defendants engaged in unlawful time editing resulting in the failure to compensate them for all hours worked at least several times per week during one or more workweeks inclusive of the following dates: November 6, 2023; November 13, 2023; December 4, 2023; December 11, 2023; January 1, 2024; and January 8, 2024.

52. For example, based on information and belief, Plaintiff Jensen was required to complete work tasks off-the-clock, resulting in Defendants' failure to compensate Plaintiff Jensen for all hours worked more than twice per week during one or more of the workweeks inclusive of the following dates: November 6, 2023; November 13, 2023; December 4, 2023; December 11, 2023; January 1, 2024; and January 8, 2024.

53. Additionally, because of off-the-clock work, Plaintiffs and other Class Members frequently worked more than forty hours per week for which they were not paid overtime compensation.

54. Defendants failed to maintain adequate records of the hours worked and the missed, late and/or interrupted meal periods and rest periods for Plaintiffs and other Class Members as required by RCW 49.46.070.

## FIRST CAUSE OF ACTION
**Failure to Compensate for Noncompliant Meal and Rest Periods**
**RCW 49.12; WAC 296-126-092**
**On Behalf of Plaintiffs and Class Members**

55. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

56. Under *Wingert v. Yellow Freight Sys., Inc.,* 146 Wn.2d 841, 847–51, 50 P.3d 256,



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

259–61 (2002), RCW 49.12 creates an implied cause of action for unpaid wages, including wages owed under duly promulgated regulations.

57. WAC 296-126-092 requires employers to provide their employees with (1) a meal period of at least thirty minutes, commencing between two and five hours from the start of the shift, paid if the employee is required to remain on duty, and in no event requiring an employee to work more than five consecutive hours without a meal period; (2) an additional thirty-minute meal period before or during any overtime period for employees working three or more hours beyond a normal workday; (3) a paid rest period of at least ten minutes for every four hours worked, scheduled as near as possible to the midpoint of the work period, with no employee required to work more than three hours without a rest period; and (4) where the nature of the work does not allow employees to take intermittent rest periods equivalent to ten minutes for each four hours worked, scheduled rest periods consistent with the foregoing.

58. "On the employer's time" means rest breaks are compensable. *Wingert*, 146 Wn.2d at 847–51, 50 P.3d at 259–61. Washington courts have further held that employers must pay for missed meal periods, *Pellino v. Brink's Inc.,* 164 Wn. App. 668, 690–93, 267 P.3d 383 (2011), and for missed rest breaks, *Chavez v. Our Lady of Lourdes Hosp. at Pasco,* 190 Wn.2d 507, 523–24, 415 P.3d 224, 230–31 (2018).

59. Most recently, the Washington Court of Appeals confirmed that the Industrial Welfare Act grants employees not only the right to a 30-minute meal break but also a distinct remedy for its deprivation: "30 minutes of wages is an appropriate measure of damages for such a deprivation." *Androckitis v. Virginia Mason Med. Ctr.*, 32 Wash. App. 2d 418, 430, 556 P.3d 714, 723 (2024), review denied, 4 Wash. 3d 1007, 563 P.3d 448 (2025). Similarly, employees are entitled to unpaid straight or overtime pay—as appropriate depending on the total number of hours—when they do not receive paid rest breaks. *Wash. State Nurses Ass'n v. Sacred Heart Med. Ctr.,* 175 Wn.2d 822, 832, 287 P.3d 516, 521 (2012).

60. Defendants failed to always provide Plaintiffs and Class Members with rest periods



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

at required times and 30-minute uninterrupted meal breaks no later than the fifth hour of their shifts.

61. Defendants failed to compensate Plaintiffs for each missed or otherwise legally noncompliant meal and rest periods.

62. Defendants maintained no policy or practice to ensure actual 30-minute breaks were taken for meals. As explained herein, based on information and belief, Defendants regularly engaged in unauthorized time editing / time shaving and/or deducted at least thirty (30) minutes per shift for meal periods that were less than a full thirty minutes and/or otherwise noncompliant.

63. As a direct and proximate result of Defendants' violations and their willful intent to deprive Plaintiffs and Class Members of all owed wages for all missed or otherwise noncompliant meal periods and rest periods, Defendants deprived Plaintiffs and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
**Failure to Pay Minimum Wages**
**RCW 49.46 et seq.**
**On Behalf of Plaintiffs and Class Members**

64. Plaintiffs re-allege and incorporate by reference all allegations set forth in the preceding paragraphs.

65. Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("MWA"), RCW 49.46 et seq. If an employer fails to do so, the statute requires payment of the full amount of wages owed at the minimum wage rate, less any amounts already paid.

66. Defendants failed to pay Plaintiffs and Class Members for all hours worked.

67. Defendants engaged in a common course of failing to provide Plaintiffs and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break.

68. Additionally, as explained herein, Defendants frequently required Plaintiffs and



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Class Members to complete off-the-clock work tasks, resulting in Defendants' failure to compensate Plaintiffs and Class Members for all work time.

69. Based on information and belief, Defendants regularly engaged in unauthorized time editing resulting in Defendants' failure to compensate Class Members for all hours worked and the underpayment of wages owed.

70. As a result of Defendants' unlawful acts, Plaintiffs and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.090, are entitled to recover such amounts, including interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**RCW 49.46.130**
**On Behalf of Plaintiff Farrelly and Class Members**

71. Plaintiff Farrelly re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

72. The MWA at RCW 49.46.130 states in pertinent part, "that no employer shall employ any of his or her employees for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."

73. The MWA entitles employees to "compensation for regular hours worked and for any overtime hours worked." *Stevens v. Brink's Home Sec., Inc.,* 162 Wn.2d 42, 47, 169 P.3d 473, 475 (2007). "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." *Id.* (citing WAC 296-126-002(8)).

74. As set forth above, during workweeks in which Plaintiff Farrelly and Class Members worked more than forty hours, inclusive of both hours worked when working through or during their breaks or for meal and rest periods that were not provided and any additional labor time owed for missed breaks, Defendants violated MWA by failing to pay Plaintiff Farrelly and the Class Members at the overtime rate of 1.5 times their regular rate of pay for all hours worked



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

in excess of 40 in such workweeks. *Wash. State Nurses Ass'n*, 175 Wn.2d at 832.

75. As a direct and proximate result of Defendants' violations and their willful intent to deprive Plaintiff Farrelly and Class Members of overtime wages owed, Defendants deprived Plaintiff Farrelly and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

Wherefore Plaintiffs, on behalf of Plaintiffs and Class Members, pray for judgment against Defendants as follows:

A. An Order that this action may proceed and be maintained as a class action, and certifying the Class as defined above for the Class period defined above;

B. An award of damages to Plaintiffs and Class Members in the amount of their missed and unpaid meal period and rest period wages, unpaid overtime wages as to Plaintiff Farrelly and Class Members who worked over 40 hours in a week, and unpaid wages for off-the-clock work;

C. Exemplary damages in amounts equal to double the wages due to Plaintiffs and Members of the Class pursuant to RCW 49.52.070 for any time during the Class Period;

D. Attorneys' fees and costs, as allowed by law, including RCW 49.46.090(1), 49.48.030, and 49.52.070;

E. Prejudgment interest; and

///

///

///

///

///

///

///



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

F. All other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable.

Dated: June 23, 2026

**CROSNER LEGAL, P.C.**

By: *_/s/Brandon Brouillette_*
Brandon Brouillette (WSBA No. 64353)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
bbrouillette@crosnerlegal.com
Attorneys for Plaintiffs,
Patrick Farrelly and Saberdee Jensen